[Civ. No. 1941.   Third Appellate District.—January 14, 1919.]

FRONE PATRICK HARMS, Respondent, v. WILLIAM
GRANT, Appellant.

MORTGAGE—FORECLOSURE—FINDING—CONFLICT OF EVIDENCE.—In this
   action for the foreclosure of a mortgage, in which the only issue
   of fact was found by the trial court against the defendant on a
   conflict in the evidence, the appellate court was not at liberty to
   disturb the finding.

APPEAL from a judgment of the Superior Court of
Tuolumne County.   G. W. Nicol, Judge.   Affirmed.

The facts are stated in the opinion of the court.

J. B. Zimdars and William H. Bryan for Appellant.

Bacigalupi & Elkus for Respondent.

CHIPMAN, P. J.—Foreclosure.   On May 16, 1913, de-
fendant executed and delivered to plaintiff his promissory
note for the sum of five thousand dollars, payable one year
after date, at eight per cent interest per annum, and, at the
same time, to secure the payment thereof, executed and de-
livered to plaintiff a deed absolute to certain real property.
Contemporaneously the parties entered into a written agree-
ment setting forth that the said deed was intended as a mort-
gage to secure the payment of said promissory note, and in-
corporating in the agreement substantially the provisions
found in long-form mortgages.

The only defense to the action, as shown by the answer, was
an alleged oral agreement by the parties, made on July 23,
1915, more than a year after said promissory note had become
due and payable.   In effect, this alleged agreement was that
in consideration of defendant's finding some person who
would loan plaintiff two thousand dollars for the period of
one year, to be secured by the assignment of said promissory
note and mortgage to the person making such loan, plaintiff
would not call upon defendant to pay said promissory note
until the expiration of one year, and that defendant would
pay said loan if made, which was to be credited on said

promissory note for five thousand dollars, and he would also then pay the balance of said note.

The cause was tried by the court and findings and judgment went against defendant. The appeal is from the judgment on bill of exceptions.

It appeared that through defendant's efforts one Black loaned plaintiff two thousand dollars, for which she gave her promissory note, by its terms payable "on or before one year after date," and secured the same by assigning to Black said note and mortgage, the subject of this action; that about three months thereafter she paid Black and thereupon demanded payment by defendant of said five thousand dollar note. Defendant refused, claiming that he had one year from July 23, 1915, in which to make payment under said oral agreement. The testimony of defendant tended to support his contention, but the testimony of both the plaintiff and her husband, who was acting in her behalf in the transaction, was, as testified to by plaintiff's husband, that defendant "promised not only to pay the $2,000.00 to Black within two or three months, but also to pay the balance of the $5,000.00 to the plaintiff herein"; and, as testified by plaintiff, "the defendant promised to pay the money to plaintiff within two or three months after the obtaining of the money from Black; that is, the $5,000.00 due on the mortgage; that if Grant paid the $2,000.00 that was to be deducted from the $5,000.00, but that in any event the whole sum was to be paid within two or three months." The trial court found in accordance with the facts as testified to by plaintiff and her husband, as it was within its power to do.

Defendant testified that he personally prepared the note executed by plaintiff and attended to other matters relating to the loan by Black. It is a fair inference that had it been the intention of the parties to defer payment of defendant's note for one year the note given by plaintiff for the loan of two thousand dollars would have been made payable one year after its date and not "on or before one year," etc. However, as the only issue of fact in the case was resolved by the trial court against defendant's contention on a conflict in the evidence, we are not at liberty to disturb the finding.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.